18-CV-12150 (JMF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICHOLE ADAMS-FLORES, individually and on behalf of all others similarly situated,

                                                Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF CORRECTIONS, HEALTH & HOSPITAL CORPORATION, CYNTHIA BRANN, Commissioner of Dept. of Corrections, PATSY YANG, Chief Operating Officer of Correctional Health Services, ROSS MACDONALD, Chief of Medicine, JEFF THAMKITTIKASEM, former Chief of Staff of Dept. of Corrections, and MARTIN MURPHY, former Chief of Department of Dept. of Corrections,

                                                Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT IN PART**

# ZACHARY W. CARTER

*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-139
New York, New York 10007-2601

*Of Counsel:*   Kerrin A. Bowers
*Tel:*  (212) 356-2473

Matter No. 2018-095785

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT .....................................................................................................................2

    POINT I ............................................................................................................... 2

        PLAINTIFF'S TITLE VII CLAIMS ACCRUING PRIOR TO DECEMBER 20, 2016 ARE TIME-BARRED ................................................................2

    POINT II. ………………………………………………………………………….3

        PLAINTIFF'S CLAIMS UNDER § 1981 FAIL BECAUSE THE DEFENDANTS ARE STATE ACTORS ........................................................3

    POINT III..............................................................................................................4

        PLAINTIFF HAS NOT STATED A PLAUSIBLE CLAM UNDER TITLE VII, § 1983, SHRL AND CHRL........................................................................4

    POINT IV ............................................................................................................. 8

        PLAINTIFF HAS FAILED TO PLAUSIBLY ALLEGE A § 1983 CLAIM AGAINST DEFENDANTS CITY, DOC AND H+H .....................................8

    POINT V............................................................................................................... 9

        PLAINTIFF'S CHRL CLAIMS AGAINST H+H HAVE BEEN ABANDONED AND SHOULD BE DISMISSED .......................................9

    POINT VI ........................................................................................................... 10

        THE DISMISSAL OF PLAINTIFF'S CLAIMS SHOULD BE WITH PREJUDICE AND PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND......................................................................................................10

CONCLUSION..................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brennan v. Metropolitan Opera Ass'n*,
  192 F.3d 310 (2d Cir. 1999) ...................................................................................................7

*Brown v. Henderson*,
  257 F.3d 246 (2d Cir. 2001) ................................................................................................ 7-8

*Daniels v. City of New York,* No. 17-9960 (LGS),
  2019 WL 251511 (S.D.N.Y. Jan. 17, 2019) ...........................................................................9

*Dooley v. JetBlue Airways Corp.*, No. 14-CV-4432 (JMF),
  2015 WL 1514955 (S.D.N.Y. Apr. 1, 2015)) ..........................................................................6

*Duplan v. City of New York*,
  888 F.3d 612 (2d Cir. 2018) ...................................................................................................3

*Hanig v. Yorktown Cent. Sch. Dist.*,
  384 F. Supp. 2d 710 (S.D.N.Y. 2005) .....................................................................................9

*Henry v. N.Y.C. Health & Hosp. Corp.*,
  18 F. Supp. 3d 396 (S.D.N.Y. 2014) ......................................................................................6

*Jeffes v. Barnes,*
  208 F.3d 49 (2d Cir. 2000) .....................................................................................................8

*Jett v. Dallas Indep. Sch. Dist.*,
  491 U.S. 701 (1989) ................................................................................................................3

*Johnson v. Dobry*,
  660 F. App'x 69 (2d Cir. 2016) ..............................................................................................4

*Karim v. N.Y. City Health & Hosps. Corp.*, No. 17-6888 (AT)(OTW),
  2019 U.S. Dist. LEXIS 37008 (S.D.N.Y. Mar. 6, 2019) ........................................................7

*Leibowitz v. Cornell Univ.*,
  584 F.3d 487 (2d Cir. 2009) ...................................................................................................4

*Littlejohn v. City of New York*,
  795 F.3d 297 (2d Cir. 2015) ................................................................................................4, 8

*Martinez v. City of New York*, No. 11 Civ. 7461 (JMF),
  2012 U.S. Dist. LEXIS 173500 (S.D.N.Y. Dec. 6, 2012) ......................................................9

*Mohan v. City of N.Y.*, No. 17-3820 (KPF),
  2018 U.S. Dist. LEXIS 130933 (S.D.N.Y. Aug. 3, 2018) ...................................................... 5-6

*Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*,
  815 F. Supp. 2d 679 (S.D.N.Y. 2011) ..................................................................................... 5

*Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n,*
  898 F.3d 243 (2d Cir. 2018) ................................................................................................. 10

*Provost v. City of Newburgh*,
  262 F.3d 146 (2d Cir. 2001) ................................................................................................... 7

*Soto v. Schembri,*
  960 F. Supp. 751 (S.D.N.Y. 1997) ..................................................................................... 8-9

*Van Buskirk v. New York Times Co.*,
  325 F.3d 87 (2d Cir. 2003) ................................................................................................... 10

## Statutes

42 U.S.C. § 1981 .............................................................................................................................. 1

42 U.S.C. § 1983 .............................................................................................................................. 1

42 U.S.C. §§ 2000e, et seq. .............................................................................................................. 1

N.Y. Exec. L. § 296 ......................................................................................................................... 1

New York City Admin. Code § 8-101, et seq. ................................................................................. 1

**PRELIMINARY STATEMENT**

Defendants the City of New York ("City"), New York City Department of Correction ("DOC"), New York City Health & Hospitals Corporation ("H+H"), Commissioner Cynthia Brann ("Brann"), Senior Vice President for H+H/Correctional Health Services Patsy Yang ("Yang"), Chief Medical Officer for H+H/Correctional Health Services Ross MacDonald ("MacDonald"), former DOC Chief of Staff Jeff Thamkittikasem ("Thamkittikasem"), and former Chief of Department Martin Murphy ("Murphy") submit this reply memorandum of law in response to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the First Amended Complaint in Part ("Pl. Opp."). Plaintiff Nichole Adams-Flores ("plaintiff"), a former clinical supervisor employed by H+H, and a former Deputy Commissioner employed by DOC, brings this action under 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42 U.S.C. § 1983 ("§ 1983"), 42 U.S.C. § 1981 ("§ 1981"), New York Executive Law § 296 ("SHRL"), and New York City Administrative Code § 8-101, *et seq.* ("CHRL") asserting that defendants discriminated against her, and those similarly situated, based on her race and gender by denying her request for a reasonable accommodation, removing her supervisory authority, denying her work-related travel and public speaking opportunities, delaying her appointment to a civil service title, and depressing her salary. Plaintiff also alleges that defendants retaliated against her for alleged complaints of discrimination.

Plaintiff opposes defendants' motion to dismiss by merely citing to facts alleged in the First Amended Complaint ("FAC") without any analysis of the applicable case law. Plaintiff fails to meaningfully oppose any of defendants' arguments that the following claims should be dismissed: (1) plaintiff's § 1981 claims against the City, H+H, DOC, Brann, Yang, MacDonald, Thamkittikasem, and Murphy; (2) plaintiff's Title VII discrimination and retaliation claims against H+H and DOC; (3) plaintiff's SHRL discrimination and retaliation claims against

H+H, DOC, Yang, MacDonald, and Murphy; (4) plaintiff's CHRL discrimination claims against H+H, DOC, Yang, MacDonald, and Murphy; (5) plaintiff's § 1983 Fourteenth Amendment equal protection claims against Yang, MacDonald, and Murphy; and (6) plaintiff's § 1983 Fourteenth Amendment equal protection claims against the City, DOC, and H+H. As such, for the reasons set forth in defendants' initial memorandum of law, as well for the reasons set forth below, the Court should grant defendants' motion to dismiss the FAC, in part.

Should the aforementioned claims be dismissed, the following claims would remain in this case: plaintiff's Title VII claims against the City occurring after December 20, 2016; plaintiff's SHRL and CHRL claims against the City, Brann and Thamkittikasem; and plaintiff's § 1983 claims against Brann and Thamkittikasem.

## ARGUMENT

### POINT I

**PLAINTIFF'S TITLE VII CLAIMS ACCRUING PRIOR TO DECEMBER 20, 2016 ARE TIME-BARRED.**

With respect to plaintiff's position that her claims under Title VII are not time-barred because she filed her complaint within 90 days of receiving her right to sue letter[1], defendants do not dispute that her claims under Title VII would be timely if plaintiff actually did receive the right to sue letter on September 26, 2018. However, the only proof plaintiff offers of the date that she purportedly received her right to sue letter is an envelope containing the hand-written notation "Rec'd 9/26/18" without identifying the author of that notation and is devoid of any information concerning the addressee. *See* Brewington Decl. Ex. B.

---

[1] Plaintiff states in her opposition that the date of receipt of the right to sue letter pled in her FAC (September 21, 2018) was an "unintentional clerical error" and that the correct date of receipt is September 26, 2018. *See* FAC at 8-9.

Plaintiff, however, concedes in her opposition that her Title VII claims accruing prior to December 20, 2016 are untimely and thus only the allegations that occurred after December 20, 2016 would be actionable under Title VII. *See* Pl. Opp. at 9. Accordingly, plaintiff's Title VII claims premised on allegations occurring during the entirety of her employment with H+H, which ended in February 2016, and the April 2016 allegations concerning Murphy's assignment of a driver, and direction of a subordinate to report on plaintiff's division's activities are time-barred. *See* FAC ¶¶ 43-52, 58-59.

## POINT II

### PLAINTIFF'S CLAIMS UNDER § 1981 FAIL BECAUSE THE DEFENDANTS ARE STATE ACTORS.

In her opposition, plaintiff confusingly argues that because defendants are being sued in their individual capacities that they can be held liable under § 1981 based on their personal involvement. *See* Pl. Opp. at 11-12. Here, as set forth in defendants' moving memorandum of law, all of the defendants are state actors, and thus plaintiff cannot maintain a § 1981 claim against them. Section 1981 does not provide a private right of action against state actors and the exclusive remedy against state actors is § 1983. *Duplan v. City of New York*, 888 F.3d 612, 619-621 (2d Cir. 2018); *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989). This includes actions against individuals sued in their individual capacities. Therefore, plaintiff's § 1981 claims against the City, H+H, DOC, Brann, Yang, MacDonald, Thamkittikasem, and Murphy must be dismissed.

## POINT III

### PLAINTIFF HAS NOT STATED A PLAUSIBLE CLAIM UNDER TITLE VII, § 1983, SHRL AND CHRL.

Plaintiff's opposition cites to no relevant authority to support her contention that she has set forth a plausible claim of race and gender discrimination and retaliation against H+H, Yang, MacDonald, and Murphy. Plaintiff fails to meaningfully oppose any of defendants' arguments that her claims should be dismissed. As a starting point, as noted in defendant's moving memorandum of law, DOC should be dismissed from this action as it is a non-suable entity. *See*, *e.g., Johnson v. Dobry*, 660 F. App'x 69, 72 (2d Cir. 2016) (upholding dismissal of claims against the DOC because "as a city agency, it is not a suable"). As such, all of plaintiff's claims against DOC should be dismissed.

In cases alleging employment discrimination, although a plaintiff need not plead all facts necessary to establish a prima facie case, the Second Circuit has held that a plaintiff has a "minimal burden of showing facts suggesting an inference of discriminatory motivation" in order to satisfy his prima facie requirements at the pleadings stage. *See Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). Contrary to plaintiff's conclusory assertions, the allegations of discrimination in the FAC do not plausibly set forth an inference of discrimination. *See id.* (setting forth the circumstances from which an inference of discrimination can arise, specifically, "the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge," *citing, Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009)).

Plaintiff alleges that while an employee with H+H, Yang denied her request to

4

work from home during her pregnancy, requiring the reduction to a part-time schedule. *Id.* ¶¶ 44-45. Nothing plaintiff argues in her opposition changes the fact that plaintiff fails to raise a minimal inference of discriminatory animus in the denial of her request. While in her opposition plaintiff asserts that the comparators do not have to be identical to the plaintiff's circumstances to raise an inference, plaintiff still must allege facts to show that the comparators are plausibly similarly-situated. Plaintiff's generalized statements fail to provide any basis to plausibly find that Dr. Camerano, Dr. Georgolius, and Dr. Ho were similarly-situated to the plaintiff. *See Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 815 F. Supp. 2d 679, 698 (S.D.N.Y. 2011)(on motion to dismiss a court must determine whether plaintiff's comparators are plausibly similarly-situated).

Again, the only allegation offered by plaintiff to raise an inference of discriminatory motivation during her employment with H+H is that "[o]ther clinical supervisors who were white or non-black were allowed to perform her [sic] duties at H+H by Defendant Yang from alternate clinical locations and did not have to physically be on the unit, for example: Dr. Camerano, Dr. Georgolius, and Dr. Ho." *Id.* ¶ 49. However, while plaintiff labels these purported comparators "clinical supervisors," she does not provide their titles, job responsibilities, work locations, or supervisors. Aside from these few allegations, plaintiff does not provide any additional alleged facts by which to sufficiently compare these individuals to draw an inference of discrimination. *See Mohan v. City of N.Y.*, No. 17-3820 (KPF), 2018 U.S. Dist. LEXIS 130933, at *31-32 (S.D.N.Y. Aug. 3, 2018)(plaintiff failed to satisfactorily allege that comparator was similarly-situated where, although plaintiff and comparator had identical work titles, plaintiff "fail[ed] to detail the specific work duties, seniority level, or performance" of comparator); *see also Dooley v. JetBlue Airways Corp.*, No. 14-CV-4432 (JMF), 2015 WL

1514955, at *7 (S.D.N.Y. Apr. 1, 2015), *aff'd in relevant part*, 636 F. App'x 16, 20 (2d Cir. 2015). Plaintiff therefore has not pled facts necessary to show that these individuals were similarly-situated because she "fail[ed] to describe who these people are, what their responsibilities were, how their workplace conduct compared to [the Plaintiff's], or how they were treated." *See Henry v. N.Y.C. Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 408 (S.D.N.Y. 2014).

Similarly, in her opposition, plaintiff does not meaningfully dispute that she failed to allege sufficient facts to state a claim for race or gender discrimination and retaliation against H+H, Yang, MacDonald, and Murphy during plaintiff's employment at DOC. While plaintiff continuously cites to the facts alleged in the FAC, there is no analysis with respect to any case law which would render support for the arguments in her opposition. Notwithstanding plaintiff's inability to assert claims against H+H as her former employer (*see* Def. Mem. at 12-14), an argument not disputed in plaintiff's opposition, these claims also fail because the FAC fails to allege sufficient facts to state a claim for race or gender discrimination and retaliation under any federal or state statute. As set forth in defendants' moving memorandum of law, plaintiff fails to establish an adverse employment action, attributable to H+H while employed by DOC, and cannot demonstrate even a minimal inference of discriminatory or retaliatory animus against H+H. *See* Def. Mem. at 14-19. It bears mention that any retaliatory actions alleged by plaintiff are the same acts she alleges to be discriminatory in nature, as set forth in her opposition.

With respect to plaintiff's individual claims against Yang, MacDonald and Murphy, plaintiff's opinion with respect to the "gravity and severity of the circumstances which … led to Plaintiff filing her Complaint" (*see* Pl. Mem. at 21) does not provide a legal basis from which the Court can determine whether plaintiff sufficiently alleged defendants' personal

involvement in any alleged deprivations.  A review of the allegations levied against Yang, MacDonald, and Murphy in the FAC demonstrates that plaintiff has failed entirely to allege sufficient facts to establish their individual liability.  *See Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001)("[D]irect participation as a basis of liability in this context requires intentional participation in the conduct constituting a violation of the victim's rights by one who knew of the facts rendering it illegal.").

Notwithstanding, if plaintiff satisfactorily alleged that these defendants were personally involved in the complained-of conduct, the failure to plausibly plead any similarly-situated comparators negates any strained inference of discriminatory motive.  *See Karim v. N.Y. City Health & Hosps. Corp.,* No. 17-6888 (AT)(OTW), 2019 U.S. Dist. LEXIS 37008, at *16-18 (S.D.N.Y. Mar. 6, 2019)(dismissing § 1983 discrimination claim where complaint failed to plausibly plead that comparator was similarly-situated).  Plaintiff's opposition provides no legal basis to refute defendants' position that any and all claims against Yang, MacDonald, and Murphy, individually, should be dismissed.  *See* Def. Mem. at 19-23.

With respect to plaintiff's § 1983 hostile work environment claim, while plaintiff cites the standard of law, plaintiff's argument lacks significant application to the facts alleged.  *See* Pl. Memo at 23-24.  Even if the Court were to determine that any purported acts were objectively severe or pervasive, which they are not, plaintiff has failed to allege facts to make it plausible that any complained of conduct occurred *because of* her race or gender.  *Brennan v. Metropolitan Opera Ass'n*, 192 F.3d 310, 318 (2d Cir. 1999).  Therefore, her claim must be dismissed.  *See Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001) ("axiomatic that . . . a hostile environment . . . is actionable [] only when it occurs because of a . . . protected characteristic").

Finally, in her opposition plaintiff asserts that her alleged Title VII claims are not brought against the individual defendants. *See* Pl. Mem. at 2, 11. As such, there are no Title VII claims in this action against defendants Brann, Yang, MacDonald, Thamkittikasem, and Murphy.

## POINT IV

### PLAINTIFF HAS FAILED TO PLAUSIBLY ALLEGE A § 1983 CLAIM AGAINST DEFENDANTS CITY, DOC AND H+H.

Plaintiff's opposition to defendants' motion to dismiss her 1983 claims against defendants City, DOC, and H+H only confirms the lack of any basis for those claims. In her opposition, plaintiff asserts that the claims against the City, DOC, and H+H are premised on a theory of *respondeat superior* for the actions of the individually named defendants, which is patently insufficient. *See Littlejohn*, 795 F.3d at 315; *see* Pl. Opp. at 25-27. Plaintiff does not contend that the alleged adverse actions complained of were pursuant to a formally adopted or ratified local policy, but that they were caused by officials with policy-making authority. *See* Pl. Opp. at 25-27. Therefore, "the [C]ourt must determine whether [those] official[s] had final policymaking authority in the particular area involved." *Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir. 2000). "Whether the official in question possessed final policymaking authority is a legal question which is to be answered on the basis of state law." *Id.* (internal citations omitted). Here, plaintiff levies allegations, to support her *Monell* claims, against the Commissioner of DOC, her subordinates, and high-ranking H+H officials. Plaintiff's municipal liability claims therefore fail as even City agency heads do not have official policymaking authority in the particular area of personnel decisions. *See Littlejohn*, 795 F.3d at 315; *see also Soto v. Schembri*, 960 F. Supp. 751, 759 (S.D.N.Y. 1997)(specifically holding DOC Commissioner, and

8

subordinates, do not have final personnel policymaking authority); *Daniels v. City of New York*, No. 17-9960 (LGS), 2019 WL 251511, at *17-19 (S.D.N.Y. Jan. 17, 2019)(insufficient allegations to support *Monell* claim where complaint merely plead that defendants, including DOC Commissioner, exercised discretion and did not have authority to institute agency-wide discriminatory policy, or that they did so at Commissioner's behest). Accordingly, all plaintiff's § 1983 claims against the City, DOC, and H+H should be dismissed.

## POINT V

### PLAINTIFF'S CHRL CLAIMS AGAINST H+H HAVE BEEN ABANDONED AND SHOULD BE DISMISSED.

In her opposition, plaintiff does not oppose defendants' arguments that her CHRL claims against defendant H+H should be dismissed. As such, plaintiff's CHRL claims against H+H should be deemed abandoned and therefore dismissed. *Martinez v. City of New York*, No. 11 Civ. 7461 (JMF), 2012 U.S. Dist. LEXIS 173500, at *3 (S.D.N.Y. Dec. 6, 2012) (where plaintiff fails to respond to defendant's assertions in motion to dismiss, that claim is abandoned); *Hanig v. Yorktown Cent. Sch. Dist.*, 384 F. Supp. 2d 710, 723 (S.D.N.Y. 2005) ("[B]ecause plaintiff did not address defendant's motion to dismiss with regard to this claim, it is deemed abandoned and is hereby dismissed").

In addition, plaintiff did not address defendants' argument that the complaint failed to state a Fourteenth Amendment due process claim. *See* Def. Mem. at 2, FN 2. As such, to the extent plaintiff is arguing that her due process rights under the Fourteenth Amendment were violated, *see* FAC ¶ 170, that claim should also be deemed abandoned and dismissed.

## POINT VI

### THE DISMISSAL OF PLAINTIFF'S CLAIMS SHOULD BE WITH PREJUDICE AND PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND.

Finally, the dismissal of plaintiff's claims should be with prejudice, because any further amendment would be futile. *See Van Buskirk v. New York Times Co.*, 325 F.3d 87, 92 (2d Cir. 2003). Plaintiff does not suggest that she has any additional facts which could remedy defects in her pleading. The FAC is plaintiff's second pleading in this action. Given that prior to the filing of the FAC defendants filed a motion to dismiss the initial complaint (ECF Docket Nos. 30-32), plaintiff was on notice of the deficiencies in her previous pleading when she filed her FAC. Thus, she had opportunity to bring to this Court's attention any facts that would support her causes of action. *See Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n,* 898 F.3d 243, 257-58 (2d Cir. 2018) ("Where a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first." (alteration and internal quotation marks omitted)). To the extent plaintiff seeks to make any further amendments, plaintiff should be required to seek leave of the Court.

### CONCLUSION

For the foregoing additional reasons, as well as the reasons set forth in defendants' moving memorandum of law, defendants respectfully request that the Court issue an order granting defendants' motion to partially dismiss the FAC, with prejudice, and awarding defendants such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            August 30, 2019

10

**ZACHARY W. CARTER**
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-139
New York, New York 10007-2601
(212) 356-2473
kbowers@law.nyc.gov

By:  /s/
Kerrin A. Bowers
Assistant Corporation Counsel