

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**REBECCA G. QUINN**
Assistant Corporation Counsel
phone: (212) 356-4382
fax: (212) 356-1148
e-mail: rquinn@law.nyc.gov
E-Mail And Fax Not For Service

April 28, 2022

**BY ECF**
Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

   Re: *Nichole Adams-Flores v. City of New York, et al.*
     Docket No. 18-CV-12150 (JMF)

Dear Judge Furman:

   I am an Assistant Corporation Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for the defendants City of New York, Cynthia Brann, Jeff Thamkittikasem, and Martin Murphy[1] (collectively "defendants"), in the above-referenced action.

   I write to respectfully seek leave to file an exhibit to defendants' motion for summary judgment under seal and to redact any discussions of the content of the DOI report in defendants' Rule 56.1 statement and memorandum of law in support of their motion for summary judgment. Plaintiff consents to this request and the parties have stipulated that the exhibit is subject to confidentiality.

   As Your Honor's Individual Rules note, there is a presumption in favor of providing public access to judicial documents. See Collado v. City of New York, 193 F.Supp.3d 286, 288 (S.D.N.Y. 2016). In order to rebut this presumption, defendants must demonstrate that "sealing will further other substantial interests such as a third party's personal privacy interests, the public's safety or the preservation of the attorney-client privilege." Under Seal v. Under Seal, 273

---

[1] The other named defendants, Health & Hospitals Corporation ("HHC"), Patsy Yang (Yang") and Ross MacDonald ("MacDonald") have been dismissed from this case.

F.Supp.3d 460 (S.D.N.Y. 2017); see also United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)(discussing law enforcement privileges and privacy interests that weigh against the presumption).

Here, defendants seek to file a Department of Investigation (DOI) report, of which Plaintiff is the subject, under seal.  The report contains the names of individuals who reported misconduct to Department of Correction's Office of EEO and to DOI, as well as the names and details from statements of witnesses who DOI interviewed in the course of its investigation. Preventing disclosure of "law enforcement techniques and procedures…preserving the confidentiality of sources…protecting witness and law enforcement personnel [and]…safeguard[ing] the privacy of individuals involved in an investigation…" are factors that weigh in favor of sealing judicial records. In re Dept. of Investigation, 856 F2d 481, 484 (2d Cir 1988); see also Carter v. City of New York, 2014 U.S. Dist. LEXIS 187216 at *3 (S.D.N.Y. Aug. 12, 2014) (permitting video from a DOI investigation to be filed under seal). Filing this report under seal would not only protect the privacy of the witnesses but would support the encouragement of individuals to continue to report misconduct to DOI without fear of members of the public becoming aware of their statements.

Accordingly, to protect the privacy of the witnesses involved in DOI's investigation, defendants seek Your Honor's permission to file the DOI report regarding Plaintiff's conduct under seal and to redact any discussion of any information solely known to the parties through the DOI Report in the Rule 56.1 Statement and the memorandum of law.

Respectfully Submitted,<br>
/s/<br>
Rebecca G. Quinn<br>
Assistant Corporation Counsel

Cc:   Counsel of Record
      (By ECF)

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion.  The Clerk of Court is directed to terminate ECF No. 161.

SO ORDERED.

April 29, 2022