No. 18-cv-12150 (JMF)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

NICHOLE ADAMS-FLORES,

                                                        Plaintiff,

-against-

THE CITY OF NEW YORK, HEALTH & HOSPITALS CORPORATION, CYNTHIA BRANN, JEFF THAMKITTIKASEM, AND MARTIN MURPHY,
                                                        Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Second Floor*
*New York, New York 10007*

*Of Counsel:*   Maria Fernanda DeCastro
Joseph B. Reynolds
*Tel:* (212) 356-2658

Matter No. 2018-095785

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

NICHOLE ADAMS-FLORES,

                              Plaintiff,

       -against-                              18-CV-12150 (JMF)

THE CITY OF NEW YORK, HEALTH & HOSPITALS
CORPORATION, CYNTHIA BRANN, JEFF
THAMKITTIKASEM, AND MARTIN MURPHY,

                              Defendants.

------------------------------------------------------------------- x

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

### PRELIMINARY STATEMENT

Defendants the City of New York and Cynthia Brann (collectively "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff's motion *in limine*.[1] Plaintiff moves to preclude Defendants from introducing evidence or testimony concerning a Department of Investigation ("DOI") investigation and report concerning Plaintiff's serious misconduct while she was employed at the Department of Correction ("DOC") and a "Disposition" signed by Plaintiff to resolve charges brought against her by the City of New York Conflicts of Interest Board ("COIB"). Plaintiff's arguments for preclusion should be rejected because Plaintiff's serious misconduct that led to the DOI investigation and report form the basis of Defendants' affirmative defense that they had a good faith, non-discriminatory and non-retaliatory legitimate business

---

[1] The Court dismissed all of Plaintiff's claims against New York City Health & Hospitals Corporation, Patsy Yang, Ross MacDonald, Jeff Thamkittikasem, and Martin Murphy. *See* Op. & Order on Defs' Mot. to Dismiss Pl's Third Am. Compl. (ECF No. 89); and Op. & Order on Defs' Mot. for Summary Judgment (ECF No. 192).

reason for terminating Plaintiff's employment. *See* Answer at 35, ¶¶266-67 (ECF No. 93). Further, Plaintiff admitted in the COIB Disposition that she engaged in misconduct that violated the City Charter and her misconduct was the reason "DOC terminated [her] employment[.]" Plaintiff also acknowledged that she made the admissions "freely, knowingly, and intentionally, without coercion or duress, and after having been represented by the attorney of my choice[.]" Plaintiff was represented by her current attorney, Frederick K. Brewington.

Accordingly, the testimony and evidence about the DOI investigation, DOI report, and the COIB Disposition are admissible because they are the basis for Defendants' affirmative defense that Plaintiff was not terminated in retaliation for engaging in protected activity but because she engaged in misconduct, misconduct of which she admitted to.

## ARGUMENT

On March 31, 2023, the Court issued a detailed Opinion and Order that largely granted Defendants' motion for summary judgment. *See* Op. & Order (ECF No. 192). The only claims that the Court permitted Plaintiff to proceed to trial on are:

- Plaintiff's Title VII, NYSHRL, and NYCHRL retaliation claims against DOC based on the delay in picking up Plaintiff's civil service title, the refusal to credit Plaintiff's probationary period, and Plaintiff's termination;

- Plaintiff's NYCHRL retaliation claims against Brann based on the delay in picking up Plaintiff's civil service title, the refusal to credit Plaintiff's probationary period, and Plaintiff's termination;

- Plaintiff's Section 1983 retaliation claim against Brann based on the delay in picking up Plaintiff's civil service title.

*Id.* at 23.

Plaintiff proffers several arguments for why Dana Roth, the DOI report, the DOI investigation, and the COIB Disposition should be precluded. First, Plaintiff argues that the DOI report, DOI investigation, and COIB Disposition are hearsay. Pl's Memo. of Law in Support of

Pl's Mot. in Limine at 11 (ECF No. 224). This is incorrect. The COIB Disposition is an admission against interest by Plaintiff, a party opponent. Admissions against interest are not hearsay. *See* Fed. R. Evid. 801(d)(2). The DOI investigation and report are likewise not hearsay because they are not being offered for the truth of the matter asserted (i.e., that Plaintiff engaged in misconduct) but to show that Defendants had legitimate and non-retaliatory reasons for their actions. *See* Fed. R. Evid. 801(c). Even assuming the Court concludes that the DOI investigation and report qualify as hearsay, they are nonetheless admissible as exceptions to hearsay because they constitute "factual findings from a legally authorized investigation" and Plaintiff does not argue or even attempt to show that the "source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8).

Second, Plaintiff argues that admitting evidence of the DOI investigation, DOI report and COIB Disposition will confuse the issues, unduly delay the trial, and will unduly prejudice Plaintiff. Pl's Memo. of Law in Support of Pl's Mot. in Limine at 11-12. The reasons Defendants refused to credit Plaintiff's probationary period and terminated Plaintiff's employment will, undisputedly, be issues at trial. *See* Op. & Order at 23 (ECF No. 192). The DOI investigation and report are critical and integral to Defendants' defense that their actions were legitimate and non-retaliatory. The Court acknowledged as much in its Opinion and Order on Defendants' motion for summary judgment. *See id.* at 19 ("<u>DOC informed [Plaintiff] and [DCAS] that Adams-Flores had not satisfactorily completed her probationary period because she was</u>, at the time <u>being investigated by DOI</u>. **That is certainly a legitimate reason** for not granting Adams-Flores a permanent civil service title – and it may well be that a jury will accept it as the reason for DOC's actions."); and ("Defendants argue that they had a legitimate reason for terminating her: DOI's report, delivered that day, indicating that Adams-Flores had violated several ethical obligations.

3

According to Defendants, <u>Brann decided to terminate Adams-Flores only after reading the report</u>. Again, **this is a plainly a legitimate reason for termination**, and a jury could – indeed, perhaps would – accept it as the explanation for Adams-Flores's termination.") (emphasis added). Consequently, testimony and evidence concerning the DOI investigation and DOI report would not confuse the issues or unduly delay the trial because Defendants' reasons for their actions are plainly at issue and, as stated by the Court, plainly and clearly "legitimate." Testimony from Dana Roth, one of the investigators, is necessary not only for authentication but to further explain the DOI investigation and report and rebut Plaintiff's claim that they were pretextual. Moreover, the COIB Disposition confirms that DOC's termination of Plaintiff's employment was not pretextual, but legitimate and non-discriminatory, because Plaintiff admitted that her employment was terminated because she engaged in misconduct. Excluding the DOI investigation, DOI report, and COIB Disposition would only serve to unduly prejudice Defendants because they would be unable to present evidence of their affirmative defense: their actions were legitimate and non-retaliatory because of Plaintiff's misconduct, which misconduct Plaintiff freely, knowingly, and voluntarily admitted was the reason her employment was terminated.

Third, Plaintiff argues that Defendants will attempt to admit the DOI investigation, DOI report, and COIB Disposition as improper character evidence or evidence of routine or habit. *See* Pl's Memo. of Law in Support of Pl's Mot. in Limine at 12-13. As set forth above, the DOI investigation, DOI report, and COIB disposition are evidence that Defendants acted legitimately and not in retaliation for any protected activity that Plaintiff engaged in. As noted above, the Court already found that Defendants' actions based on the DOI investigation and report were "legitimate." Thus, Plaintiff's nonsensical argument for preclusion based on the admission of improper character evidence and routine or habit should be rejected.

Finally, Plaintiff appears to argue that the DOI investigation and DOI report were themselves retaliatory or merely pretextual. *See* Pl's Memo. of Law in Support of Pl's Mot. in Limine at 14-15. Plaintiff is free to present evidence or testimony to support such claims, if she can. In fact, it is Plaintiff's burden to prove that the reasons Defendants articulated for allegedly delaying in picking up Plaintiff's civil service title, refusal to credit Plaintiff's probationary period, and termination of Plaintiff's employment were pretextual. This Court, should not, as Plaintiff requests, preclude Defendants from offering evidence about the DOI investigation, DOI report, and COIB Disposition so she can avoid having to meet her burden of showing pretext. In fact, it will be for the jury, not this Court or Plaintiff, to determine whether Defendants' actions were legitimate and non-retaliatory or were pretextual.[2]

---

[2] Plaintiff also claims that "[o]ther similarly situated individuals did not receive the same treatment based on the pretextual reasons supplied by Defendants." Pl's Memo. of Law in Support of Pl's Mot. in Limine at 14. *See also id.* at 10. To the extent Plaintiff seeks or is attempting to present evidence of similarly situated comparators to support her claim of pretext, Defendants object because the Court already dismissed Plaintiff's claims that were based on being treated less well than white comparators because Plaintiff did not present any evidence to support that any of the persons she claimed were valid comparators were similarly situated. *See* Op. & Order at 9-12.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion *in limine*, together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
          September 15, 2023

                                **HON. SYLVIA O. HINDS-RADIX**
                                Corporation Counsel of the
                                  City of New York
                                Attorney for Defendants
                                100 Church Street, Second Floor
                                New York, New York 10007-2601
                                (212) 356-2442/2658

By:   */s/ Joseph Reynolds*
          Joseph B. Reynolds
          Senior Counsel

By:   */s/ Maria Fernanda DeCastro*
          Maria Fernanda DeCastro
          Senior Counsel