No. 18-cv-12150 (JMF)

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

NICHOLE ADAMS-FLORES,

          Plaintiff,

-against-

THE CITY OF NEW YORK, DEPARTMENT OF CORRECTIONS, CYNTHIA BRANN, Commissioner of Dept. of Corrections, JEFF THAMKITTIKASEM, Former Chief of Staff of Dept. of Corrections, and MARTIN MURPHY, former Chief of Department of Dept. of Corrections,

          Defendants.

## REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION IN LIMINE AND IN OPPOSITION TO PLAINTIFF'S REQUEST TO OBTAIN AND SERVE A NEW EXPERT REPORT

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Second Floor*
*New York, New York 10007*

*Of Counsel:*    Maria Fernanda DeCastro
               Joseph B. Reynolds
*Tel:* (212) 356-2658

Matter No. 2018-095785

# ARGUMENT[1]

## POINT I

### PLAINTIFF'S REQUEST TO "SUPPLEMENT" HER EXPERT REPORT SHOULD BE DENIED

On March 10, 2021, the Court, in its decision on Defendants' motion to dismiss, kept alive, amongst other claims, Plaintiff's retaliation claims predicated on the alleged delay in picking up her civil service title, the alleged refusal to credit her probationary period, and her termination. Op. & Order at 10 (ECF No. 89). Plaintiff served 82 document requests and 25 interrogatories to obtain discovery to support her myriad claims. On August 4, 2021, the Court partially granted Defendants' motion to extend the fact discovery deadline and stated that "[t]here will be no expert discovery in this case unless a party moves by letter-motion for it before the deadline for fact discovery." (ECF No. 99). Fact discovery closed on November 15, 2021 (ECF No. 124).

On October 6, 2021, Plaintiff served an expert report from her economist, Michael J. Vernarelli. On February 28, 2023, the Court largely granted Defendants' motion for summary judgment: dismissing Plaintiff's claims of discrimination and hostile work environment against the City and Brann and dismissing all claims against Thamkittikasem and Murphy. *See* Op. & Order at 23 (ECF No. 192). Only Plaintiff's claims of retaliation based on the alleged delay in picking up her civil service title, the alleged refusal to credit her probationary period, and her termination survived Defendants' motion for summary judgment. *Id*.

On August 21, 2023, the parties filed their Joint Pre-trial Order ("JPTO"), wherein Plaintiff listed Dr. Vernarelli as her expert witness. *See* JPTO (ECF No. 209 at 9). On August 28,

---

[1] Defendants' reply herein only addresses Points II and IX of Plaintiff's Opposition to Defendants' Motions in *Limine*. However, Defendants submit that all of their motions in *limine* should be granted for the reasons articulated in the Memorandum of Law in Support of Defendants' Motions in *Limine*.

2023, Defendants filed their motions in *limine*, the first of which sought to exclude Dr. Vernarelli's report and testimony. See ECF No. 221 at 4-9. On September 15, 2023, Plaintiff filed her opposition to Defendants' motions in *limine*, wherein she requested permission to "allow our economist to revise his report to conform to the Court's rulings." See Pl's Memo. of Law in Opp. to Defs' Mots. in *Limine* at 2 ("Plaintiff's MIL Opposition"). Plaintiff also claimed that there would be no prejudice to Defendants because the "basic figures do not change and the actual earnings of Plaintiff are those which were exchanged between the parties." *Id*.

The purpose of expert disclosure is to allow the opposing party to prepare an effective cross-examination, arrange for its own expert witness, and avoid surprise or trial by ambush. See *Moore v. Keller*, 498 F. Supp. 3d 335, 348 (N.D.N.Y. 2020); and *AmTrust N. Am., Inc. v. KF&B, Inc.*, 2020 U.S. Dist. LEXIS 170463, at *3 (S.D.N.Y. Sept. 16, 2020). Thus, an expert report must contain a "complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). The party proffering the expert report has a duty to supplement when it learns the expert's report is "incomplete or incorrect." Fed. R. Civ. P. 26(e)(1) & (2). Any "additions or changes . . . must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2).

Plaintiff's informal request to supplement Dr. Vernarelli's expert report should be denied for numerous reasons. First, the Court stated that expert discovery was not permitted unless a party filed a "letter-motion for it before the deadline for fact discovery." ECF No. 99. Plaintiff never moved for permission to conduct expert discovery. Consequently, Plaintiff's request to "supplement" should be denied and Dr. Vernarelli's report and testimony excluded.

Second, Plaintiff was required to serve any "additions or changes" to Dr. Vernarelli's report on or before August 21, 2023, the date the parties filed their JPTO. See Fed. R.

2

Civ. P. 26(e)(2). Plaintiff did not. The only circumstance that has "changed from the time the report was issued" is the Court's summary judgment decision. Pl's MIL Opp. at 2. Plaintiff, however, knew, understood, and was in possession of the decision for more than 6 months, yet never moved to supplement Dr. Vernarelli's report.

Third, Plaintiff's request to "supplement" Dr. Vernarelli's expert report is a transparent attempt to submit a new report. In his report, Dr. Vernarelli unambiguously provided a "complete statement" of his opinions: to "calculate the economic damages that Dr. Nichole Adams-Flores has incurred as a result of *racial discrimination* she suffered by the Department of Corrections in the State of New York." *See* Decl. of Joseph B. Reynolds in Support of Defs' Mot. *in Limine* ("Reynolds Decl."), Exhibit "A" at 2 (ECF No. 222-1) (emphasis added). Critically, Dr. Vernarelli assumed that Plaintiff was racially discriminated against because she was paid less than "other white deputies who were less qualified than her" and then concocted damages scenarios based on the salaries of "comparably situated white deputies." *Id*. at 2 & 3. Dr. Vernarelli never mentioned "retaliation" nor attempted to calculate any damages Plaintiff could have suffered from the alleged delay in picking up her civil service title, the alleged refusal to credit her probationary period, or her termination. Although Dr. Vernarelli could have opined on Plaintiff's retaliation damages, he did not. Dr. Vernarelli's damages' calculations are irrelevant and unrelated to Plaintiff's claims of retaliation. Dr. Vernarelli's statement that Plaintiff was "wrongfully terminated from her position on 3/15/19," does not support allowing Plaintiff to supplement because this statement was made in the context of his assumption that Plaintiff had been racially discriminated against, not that she had been retaliated against.

Because Dr. Vernarelli's damages' calculations are completely irrelevant to the surviving claims of retaliation, it is apparent that Dr. Vernarelli would have to create an entirely

3

new damages model using new or different data (that has never been previously disclosed) to opine on the damage caused by any alleged retaliation. Dr. Vernarelli would also, undoubtedly, correct the obvious deficiencies Defendants pointed out that require his report and testimony be excluded. Courts will not admit "supplemental expert evidence," submitted after discovery closes, when it "expounds a wholly new and complex approach designed to fill a significant and logical gap in the first report." *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*, 769 F. Supp. 2d 269, 279 (S.D.N.Y. 2011) (internal citations and quotation omitted).

Further, a supplemental report that does not rely on information that was previously unknown or unavailable to the expert is "not an appropriate supplemental report under Rule 26." *Id*. at 278. Plaintiff does not identify any new information that was unknown or unavailable to Dr. Vernarelli when he submitted his report on October 6, 2021. Plaintiff does not offer any explanation to justify Dr. Vernarelli's failure to opine about any alleged damages Plaintiff may have suffered due to any alleged retaliation when he submitted his report. Moreover, Defendants would be prejudiced if Dr. Vernarelli is permitted to submit a new report because they would have no opportunity to gather discovery or depose Dr. Vernarelli on his new opinions.[2]

Permitting Plaintiff to file a "supplemental" report so Dr. Vernarelli can offer a new opinion on retaliation damages eviscerates Rule 26(a)(2)(B)(i)'s requirement that an expert provide a complete statement of all the opinions he will offer before discovery closes and prior to trial, and should be denied. *See Mfon v. County of Duchess*, 2017 U.S. Dist. LEXIS 33971, at *11 (S.D.N.Y. Mar. 9, 2017), *aff'd*, 722 Fed. Appx. 46 (2d Cir. 2018) (striking expert affidavit filed

---

[2] Plaintiff articulates no basis to claim that Defendants will not suffer prejudice because the "basic figures do not change and the actual earnings of Plaintiff are those which were exchanged between the parties." This claim is inherently not credible because, as set forth above, Dr. Vernarelli would need to offer entirely new opinions based on new assumptions and new data in order to calculate Plaintiff's damages based on retaliation.

4

after discovery closed because plaintiff never attempted to amend the report, "justify or assert the harmlessness of the omissions, or even address Defendants' arguments regarding the failure to comply with Rule 26"); *Amtrust*, 2020 U.S. Dist. LEXIS 170463, at *3 (granting motion to strike when plaintiffs did not have the opportunity to cross examine the expert on the new testimony he sought to present and defendant failed to provide a "sufficient explanation for the failure to include these opinions in its expert disclosures.").

## POINT II

### PLAINTIFF'S ENTREATY TO REQUIRE DEFENDANTS TO IDENTIFY CHARACTER EVIDENCE SHE CAN USE SHOULD BE DENIED

Plaintiff claims that she cannot respond to Defendants' motion in *limine* to preclude Plaintiff from introducing "character evidence" because Defendants did not identify the evidence they seek to exclude. Pl's MIL Opp. at 14-15. This assertion is preposterous for two reasons. First, Defendants identified the evidence that should be excluded: "any testimony or presenting any evidence regarding Defendant Brann's or non-party witnesses' character such as disciplinary histories, prior complaints, employment discrimination actions, or lawsuits which have been filed against the non-party witnesses because such evidence is in direct conflict with Federal Rule of Evidence 404(b)." Defs' Mot. in Limine at 19. Second, Plaintiff should know what "character evidence" she intends to introduce at trial. Defendants are neither required to guess what evidence Plaintiff may seek to admit nor identify "character evidence" for Plaintiff so she can try to admit it at trial.

**CONCLUSION**

Defendants respectfully request that the Court grant their motions *in limine*, together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
September 26, 2023

                                **HON. SYLVIA O. HINDS-RADIX**
                                Corporation Counsel of the
                                  City of New York
                                Attorney for Defendants
                                100 Church Street, Second Floor
                                New York, New York 10007-2601
                                (212) 356-2442/2658

By:   /s/ *Joseph Reynolds*
        Joseph B. Reynolds
        Senior Counsel

By:   /s/ *Maria Fernanda DeCastro*
        Maria Fernanda DeCastro
        Senior Counsel