UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                       :
NICHOLE ADAMS-FLORES,                                   :
                                                       :
                          Plaintiff,                            :
                                                       :            18-CV-12150 (JMF)
                        -v-                                     :
                                                       :        MEMORANDUM OPINION
THE CITY OF NEW YORK et al.,                        :              AND ORDER
                                                      :
                           Defendants.                   :
                                                      :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff Nichole Adams-Flores bring claims of employment retaliation against the City of New York, the New York City Department of Corrections ("DOC"), and DOC Commissioner Cynthia Brann under Title VII, the New York State Human Rights Law, the New York City Human Rights Law, and Section 1983. Trial is scheduled to begin on March 18, 2024.[1] In advance of trial, Defendants have filed fourteen motions *in limine*, and Plaintiff has filed one. *See* ECF Nos. 220, 223. The Court rules on them as follows:

- **Defendants' Motion *in Limine* #1 (to preclude Michael J. Vernarelli's expert report and testimony):** This motion is granted. By Dr. Vernarelli's own admission, his report was "provided to calculate the economic damages that [Plaintiff] . . . incurred *as a result of racial discrimination*," and it did "not address several other categories of economic damages that [Plaintiff] suffered *including loss of civil service title*, loss of reputation, cost of emotional distress, out of pocket medical expenses, and attorneys' fees." ECF No. 222-1, at 2 (emphases added). And while Dr. Vernarelli's report mentions that Plaintiff was "wrongfully terminated from her position on 3/5/19," his calculations focus exclusively on loss of earnings from the alleged pay disparity "from her hiring in February 2016 until her termination." *Id.* Dr. Vernarelli's report and testimony are therefore irrelevant to Plaintiff's remaining claims of retaliation, which center on

---

[1]      The trial date is subject to confirmation at the pretrial conference scheduled for February 15, 2024, as the Court and defense counsel both had potential conflicts when the trial date was set. The Court notes that its conflicting trial, in *United States v. Terrell*, 22-CR-373 (JMF), is down to only one Defendant and, thus, may not actually end up posing a conflict.

Plaintiff's loss of civil service title and her termination.

The Court denies Plaintiff's request to submit "a supplemental and updated report to comport with the Court's rulings and the current state of the case." ECF No. 229 ("Pl.'s Opp."), at 4. At bottom, the request is to submit an altogether *new* report, not to supplement the existing report, which, for the reasons discussed above, speaks not to Plaintiff's remaining claims. Moreover, Plaintiff had ample opportunity before discovery closed and before the Court's summary judgment ruling to provide a report that was relevant to her remaining claims; the Court's dismissal of *other* claims did not suddenly make evidence relating to Plaintiff's remaining claims relevant. Moreover, Plaintiff had ample time after the Court's summary judgment ruling to seek leave to provide a new report. Plaintiff missed her final chance on August 21, 2023, when she named Dr. Vernarelli as an expert witness in the Joint Pretrial Order ("JPTO") without any accompanying request to update his report. *See* ECF No. 209, at 9; *see also* Fed. R. Civ. P. 26(e)(2) ("Any additions or changes to [expert reports] must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."); *Sjunde AP-Fonden v. Gen. Elec. Co.*, No. 17-CV-8457 (JMF), 2023 WL 6314939, at *18 (S.D.N.Y. Sept. 28, 2023).

- **Defendants' Motion *in Limine* #2 (to preclude evidence relating to backpay, front pay, and punitive damages):** The motion is denied substantially for the reasons set forth in Plaintiff's opposition. *See* Pl.'s Opp. 4-6. With respect to Plaintiff's claims for backpay and front pay, Defendants' motion is little more than "a disguised attempt for a second bite at the apple for summary judgment." *Edelman v. NYU Langone Health Sys.*, No. 21-CV-502 (LJL), 2023 WL 4305446, at *7 (S.D.N.Y. June 30, 2023). Moreover, whether or not Plaintiff obtained comparable employment is ultimately a question for the jury to decide. *Cf. Roniger v. McCall*, No. 97-CV-8009 (RWS), 2000 WL 1191078, at *5 (S.D.N.Y. Aug. 22, 2000) (noting that whether the plaintiff's "efforts to find comparable employment were 'reasonable' . . . is for the jury to decide based on all the evidence and this Court's instructions"). Finally, although Plaintiff implicitly concedes that punitive damages are unavailable from the City and its agencies, she may — as she notes and Defendants do not dispute — seek punitive damages from Defendant Brann. *See* Pl.'s Opp. 6; *Moskowitz v. Coscette*, 3 F. App'x 1, 6 (2d Cir. 2001) (summary order) ("Punitive damages are available in a section 1983 case when the [individual] defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless of callous indifference to the federally protected rights of others.").

- **Defendants' Motion *in Limine* #3 (to preclude evidence and testimony about any discriminatory statements made by Martin Murphy or Jeff Thamkittikasem):** The motion is denied as moot. *See* Pl.'s Opp. 6 ("Plaintiff does not intend to offer any evidence or testimony about the discriminatory statements made about her by Martin Murphy or Jeff Thamkittikasem." (capitalization altered)).

- **Defendants' Motion *in Limine* #4 (to preclude evidence and testimony that Plaintiff was directed to falsify data while employed at DOC):** The motion is denied substantially for the reasons set forth in Plaintiff's opposition, *see* Pl.'s Opp. 6-7, albeit without prejudice to particularized objections at trial. Evidence that Plaintiff was directed to falsify data during her employment at DOC is relevant to Plaintiff's argument

2

that she was asked "to do things to compromise the integrity of [her] role" in order to "create a false narrative" justifying her termination.  *Id.*  And the probative value of such evidence is not substantially outweighed by any Rule 403 danger.  *See* Fed. R. Evid. 403.  Finally, statements by Defendants or their agents are not hearsay.  *See* Fed. R. Evid. 801(d)(2).

- **Defendants' Motion *in Limine* #5 (to preclude evidence and testimony about "unauthorized research" on DOC inmates):** The motion is granted.  It is not clear whether Plaintiff concedes the merit of the motion, but Plaintiff does not make any argument in opposition to the motion.  *See* Pl.'s Opp. 7 (acknowledging that evidence about New York City Health + Hospitals' allegedly unauthorized research is "not as salient to the remaining claims" (capitalization altered)).  Accordingly, it is granted as unopposed.

- **Defendants' Motion *in Limine* #6 (to preclude evidence and testimony that Plaintiff was or is a victim of domestic violence):** The motion is granted.  Evidence that Plaintiff was or is a victim of domestic violence "has no relevance to . . . the [three] retaliation claims the Court has permitted her to present at trial."  ECF No. 221 ("Defs.' Mem."), at 16.  Plaintiff's conclusory assertion that such evidence "is a part of her story while working at DOCS" is not enough to establish relevance.  Pl.'s Opp. 7.  And to the extent that the evidence has any relevance, its probative value is substantially outweighed by the danger of unfair prejudice — namely, that the jury will be unduly swayed by sympathy for Plaintiff having nothing to do with Defendants' conduct.  *See* Fed. R. Evid. 403.

- **Defendants' Motion *in Limine* #7 (to preclude testimony by Alexis Kelly Jones, Jerez Hue, and Bruce Farbstein):**  The motion is granted in part (as to Alexis Kelly Jones and Jerez Hue) and denied in part (as to Bruce Farbstein).  Plaintiff does not dispute that she failed to name the witnesses at issue in her initial disclosures and in answer to relevant interrogatories — and, thus that she violated her disclosure obligations.  In determining whether to exclude such witnesses under Rule 37(c)(1), courts consider "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).  Here, all four factors weigh against Plaintiff as to Jones and Hue.  First, Plaintiff offers no explanation for her failure to disclose the three witnesses at issue.  That the witnesses were "prominent figures in documents produced by the parties," Pl.'s Opp. 10, and that the witnesses "were discussed in depth" at depositions, *id.* at 12, underscore that Plaintiff could and should have disclosed them pursuant to Rule 26(a)(1)(A).  Second, given other witnesses who will appear at trial, Plaintiff fails to demonstrate that Jones and Hue are important to her case.  Third, Defendants would be prejudiced if the Court permitted Jones and Hue to testify at trial.  In the JPTO, Plaintiff provided only the vague notice that these witnesses would testify about their "knowledge and information concerning the facts as set forth in the Complaint."  ECF No. 209, at 9-10.  Finally, Plaintiff has not "requested a continuance."  *Patterson*, 440 F.3d at 117.  Nor would one be appropriate at this juncture given the looming trial date and the age of this case.  In short, Plaintiff has

failed to establish that her omission of Jones and Hue is "substantially justified or [] harmless." Fed. R. Civ. P. 37(c)(1).

With respect to Farbstein, by contrast, the second and third factors weigh in Plaintiff's favor. Plaintiff has demonstrated that Farbstein's testimony is necessary to lay the foundation for Exhibit 22 (as to which Defendants' Motion *in Limine* #11 is denied below). Furthermore, Plaintiff's failure to list Farbstein on her initial disclosures is "harmless," *id.*, because Defendants deposed him well over two years in advance of trial and obtained "161 pages of testimony," Pl.'s Opp. 9.

- **Defendants' Motion *in Limine* #8 (to preclude testimony by Ayinde Williams, Danielle Barrett, and Claudette Wynter):** In light of the Court's ruling with respect to Defendants' Motion *in Limine* #11 below, the motion is denied as to Danielle Barrett, whose testimony is relevant to introduction of Exhibit 12. Based on the current record, the Court is inclined to agree with Defendants that the testimony of Ayinde Williams and Claudette Wynter should be excluded as cumulative given that Nadine Pinnock, who will be testifying, was copied on all (or virtually all) of the same e-mails. *See* Defs.' Mem. 18. That said, the Court will reserve judgment on the issue pending the pretrial conference on February 15, 2024, during which Plaintiff should be prepared to make a detailed proffer as to why their testimony would not result in "undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

- **Defendants' Motion *in Limine* #9 (to preclude all character evidence pertaining to Defendant Brann and non-party witnesses):** The motion is denied without prejudice to specific objections at trial. As Plaintiff notes, Defendants fail to specify what (if any) character evidence they seek to preclude. Defendants' response that "Plaintiff should know what 'character evidence' she intends to introduce at trial" is plainly insufficient. ECF No. 233 ("Defs.' Reply"), at 5; *see Viada v. Osaka Health Spa, Inc.*, No. 04-CV-2744 (VM) (KNF), 2005 WL 3435111, at *1 (S.D.N.Y. Dec. 12, 2005) (rejecting motions *in limine* that are "vague in that they do not specify the writings or potential testimony that the movants believe should be excluded"); *Residential Fences Corp. v. Rhino Blades Inc.*, No. 14-CV-2552 (SIL), 2020 WL 5658777, at *6 (E.D.N.Y. Sept. 22, 2020) (rejecting motion *in limine* because defendants "fail[ed] to sufficiently identify which specific documents they seek to preclude").

- **Defendants' Motion *in Limine* #10 (to preclude Plaintiff from referring to defense counsel as "City Attorneys" and to preclude evidence of indemnification):** The motion is denied as moot. *See* Pl.'s Opp. 15 (agreeing to "refer to Defense Counsel as 'Defense Counsel' or 'Counsel for the Defendants'" and not to "offer evidence of indemnification"). Plaintiff's concession as to evidence of indemnification was contingent on Defendants not proffering evidence of Brann's "personal financial resources and ability to pay punitive damages at trial," *id.*, a contingency that Defendants did not quarrel with in their reply. Accordingly, unless and until the Court orders otherwise, Defendants may not offer evidence of Brann's personal financial resources and ability to pay punitive damages.

- **Defendants' Motion *in Limine* #11 (to preclude Exhibits 12 and 22):** The motion is granted in part and denied in part. First, Exhibit 12 (the "EEO Complaint Final Investigative Report") is relevant, at a minimum, to prove that Defendants conducted an internal investigation into Plaintiff's complaints of retaliation. That said, the Court agrees that only portions of the report (likely only Section II.A and the signature block) are relevant given the claims that remain to be tried. Accordingly, the parties should confer with respect to appropriate redactions of the report and bring any disagreements to the Court's attention **no later than one week before the final pretrial conference**. At the final pretrial conference, that parties should also be prepared to discuss whether the Court should provide any limiting instructions to the jury with respect to the report. Second, given the Court's ruling above with respect to Plaintiff's claims for backpay and front-pay, the Court will not preclude Plaintiff from offering Exhibit 22.

- **Defendants' Motion *in Limine* #12 (to preclude Exhibits 12 and 13):** The motion is granted. As discussed above, Exhibit 12 should be redacted to show only those portions of the report that are relevant to the remaining retaliation claims. Meanwhile, Exhibit 13 (information on salaries of other deputy commissioners) and testimony from Ross McDonald and Patsy Yang, employees at H+H not DOC, are wholly irrelevant to Plaintiff's remaining claims. To the extent they have any relevance, their minimal probative value is substantially outweighed by the dangers of confusion, misleading the jury, and waste of time. *See* Fed. R. Evid. 403. Plaintiff's conclusory assertion that the evidence pertains to "facts that relate to Plaintiff's claims [that] have not been [dismissed]," Pl.'s Opp. 19, does not cut it.

- **Defendants' Motion *in Limine* #13 (to preclude Plaintiff from requesting a specific dollar amount from the jury):** The motion is granted. The practice of requesting a specific dollar amount in damages is disfavored by the Second Circuit because it risks unfairly swaying the jury by "anchor[ing] the jurors' expectations of a fair award at a place set by counsel, rather than by the evidence." *Consorti v. Armstrong World Induct.*, Inc., 72 F.3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996); *see generally* DANIEL KAHNEMAN, THINKING FAST, THINKING SLOW 360-62 (2011). Although the Circuit has left the question to "the discretion of the trial judge," *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997), this Court's practice has been to follow the Second Circuit's counsel in *Consorti* and prohibit the plaintiff from requesting a specific dollar amount in damages, *see, e.g.*, Tr. 25-26, *Ortiz v. City of New York*, No. 11-CV-7919 (JMF) (S.D.N.Y. Nov. 13, 2013), ECF No. 78.

- **Defendants' Motion *in Limine* #14 (to preclude expert testimony from Plaintiff's treating physicians):** The motion is denied as moot. *See* Pl.'s Opp. 21 (noting that "[n]one of Plaintiff's treating health care providers were retained or compensated by counsel for any purpose in connection with this case" and stating that Plaintiff will not introduce them as experts). That said, the denial is without prejudice to objection at trial should Plaintiff improperly seek to elicit expert testimony from her treating health care providers or proffer them as experts.

- **Plaintiff's Motion *in Limine* (to preclude Dana Roth's testimony, the DOI report, and the COIB Disposition):** The motion is denied substantially for the reasons set forth in Defendants' opposition. *See* ECF No. 228 ("Defs.' Opp."), at 2-5. Indeed, the motion borders on frivolous insofar as it seeks to preclude evidence that is central to Defendants' defense at trial. Meanwhile, the COIB disposition is plainly not hearsay because it is a statement made or adopted by Plaintiff herself. *See* Fed. R. Evid. 801(d)(2)(A)-(B). And, at a minimum, the DOI report is admissible not for its truth. *See* Defs.' Opp. 3.[2]

In sum, Defendants' first, fifth, sixth, twelfth, and thirteenth motions *in limine* are GRANTED, Defendants' second, third, fourth, ninth, tenth, and fourteenth motions *in limine* and Plaintiff's motion *in limine* are DENIED, and Defendants' seventh and eleventh motions *in limine* are GRANTED in part and DENIED in part. The Court reserves judgment in part on Defendants' eighth motion *in limine*. The Clerk is directed to terminate ECF Nos. 220 and 223.

SO ORDERED.

Dated: February 9, 2024
      New York, New York

                                                JESSE M. FURMAN
                                             United States District Judge

---

[2] Defendants argue in the alternative that the DOI report is admissible as a "public record." *See* Defs.' Opp. 3 (citing Fed. R. Evid. 803(8)). In light of that argument, the parties should be prepared to discuss at the February 15, 2024 pretrial conference whether any limiting instruction would be appropriate with respect to the DOI report.